TAMANY VINSON BENTZ (SBN 258600)
tamany.bentz@dlapiper.com
DLA PIPER LLP (US)
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, California 90067-4704
Tel: 310.595.3000
Fax: 310.595.3300
Attorneys for Plaintiff and Counterdefendant
CTC GLOBAL CORPORATION, a Delaware corporation

JAMES E. DOROSHOW (SBN 112920)
JDoroshow@FoxRothschild.com
ASHE P. PURI (SBN 297814)
APuri@FoxRothschild.com
FOX ROTHSCHILD LLP
Constellation Place
10250 Constellation Blvd, Suite 900
Los Angeles, CA 90067
Telephone: (310) 598-4150
Facsimile: (310) 556-9828

Attorneys for Defendants JASON HUANG; RULONG CHEN; JIANPING HUANG a/k/a JAMES HUANG

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CTC GLOBAL CORPORATION, a Delaware corporation,
Plaintiff,
v.
JASON HUANG, an individual, RULONG CHENG, an individual; and JIANPING HUANG a/k/a JAMES HUANG, an individual,
Defendants.

JASON HUANG, an individual,
Counterclaimant,
v.
CTC GLOBAL CORPORATION, a Delaware Corporation,
Counterdefendant.

CASE NO. 8:17-cv-02202-AG-KES

**ORDER GRANTING STIPULATED PROTECTIVE ORDER**

District Judge: Andrew J. Guilford
Magistrate Judge: Karen E. Scott
Courtroom: 10D

WEST\281067939.5

WHEREAS, Plaintiff CTC Global Corporation ("CTC"), and Defendants Jason Huang, Rulon Cheng, and Jianping ("Jason") Huang, (collectively, "Defendants") have determined that certain information to be produced in this action may contain Confidential Information (as defined below), the unauthorized disclosure of which could be detrimental to the legitimate commercial or privacy interests of the parties that produced or designated this information as confidential or would contravene applicable law;

THE PARTIES HEREBY STIPULATE, by and through their respective counsel of record, to entry of the following protective order as an order of the above-captioned Court ("Stipulated Protective Order") and propose to the Court as follows:

**1. <u>A. PURPOSES AND LIMITATIONS</u>**

Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. This Order does not automatically authorize the filing under seal of material designated under this Order. Instead, the parties must comply with L.R. 79-5.1 if they seek to file anything under seal. This Order does not govern the use at trial of material designated under this Order.

**<u>B. GOOD CAUSE STATEMENT</u>**

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and

from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## 2. <u>DEFINITIONS</u>

**2.1 Action:** this pending federal law suit.

**2.2 "CONFIDENTIAL"** information or items: information (regardless of how it is generated, stored or maintained) or tangible things in the possession of a Designating Party who believes in good faith that such Information or Items are entitled to confidential treatment.

**2.3 Counsel:** Outside Counsel of Record and House Counsel (as well as their support staff).

**2.4 Designating Party:** a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as

"CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE."

**2.5 Disclosure or Discovery Material:** all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

**2.6 Expert:** a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action.

**2.7 "HIGHLY CONFIDENTIAL—ATTORNEYS EYES ONLY"** information or items: information (regardless of how it is generated, stored or maintained) or tangible things in the possession of a Designating Party who believes in good faith that the Disclosure of such Information or Item to another Party or Non-Party would create a substantial risk of serious financial or other injury that cannot be avoided by less restrictive means.

**2.8 "HIGHLY CONFIDENTIAL SOURCE CODE"**: means source code in the possession of a Designating Party who believes in good faith that the Disclosure of the source code to another Party or Non-Party would create a substantial risk of serious financial or other injury that cannot be avoided by less restrictive means.

**2.9 House Counsel:** attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other Outside Counsel.

**2.10 Non-Party:** any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

**2.11 Outside Counsel or Outside Counsel of Record:** attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are

affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

**2.12 Party:** any party to this Action, including all of its officers, directors, employees, consultants, retained Experts, and Outside Counsel of Record (and their support staffs).

**2.13 Producing Party:** a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

**2.14 Professional Vendors:** persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**2.15 Protected Material:** any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE."

**2.16 Receiving Party:** a Party that receives Disclosure or Discovery Material from a Producing Party.

## 3. DESIGNATING PROTECTED MATERIAL

**3.1 Over-Designation Prohibited**. Any party or Non-Party who designates information or items for protection under this Order as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" (a "designator") must only designate specific material that qualifies under the appropriate standards. To the extent practicable, only those parts of documents, items, or oral or written communications that require protection shall be designated. Designations with a higher confidentiality level when a lower level would suffice are prohibited. Mass, indiscriminate, or routinized designations are prohibited. Unjustified designations expose the designator to sanctions, including the Court's striking all confidentiality designations made by that designator. Designation under this Order is allowed only

if the designation is necessary to protect material that, if disclosed to persons not authorized to view it, would cause competitive or other recognized harm. Material may not be designated if it has been made public, or if designation is otherwise unnecessary to protect a secrecy interest. If a designator learns that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that designator must promptly notify all parties that it is withdrawing the mistaken designation.

**3.2 Manner and Timing of Designations**. Designation under this Order requires the designator to affix the applicable legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE") to each page that contains Protected Material. For testimony given in deposition or other proceeding, the designator shall specify all protected testimony and the level of protection being asserted. It may make that designation during the deposition or proceeding, or may invoke, on the record or by written notice to all parties on or before the next business day, a right to have up to 21 days from the deposition or proceeding to make its designation.

**3.2.1** A party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has identified which material it would like copied and produced. During the inspection and before the designation, all material shall be treated as HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY. After the inspecting party has identified the documents it wants copied and produced, the producing party must designate the documents, or portions thereof, that qualify for protection under this Order.

**3.2.2** Parties shall give advance notice if they expect a deposition or other proceeding to include designated material so that the other parties can ensure that only authorized individuals are present at those proceedings when

such material is disclosed or used. The use of a document as an exhibit at a deposition shall not in any way affect its designation. Transcripts containing designated material shall have a legend on the title page noting the presence of designated material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated, and the level of protection being asserted. The designator shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of the 21-day period for designation shall be treated during that period as if it had been designated HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY unless otherwise agreed. After the expiration of the 21-day period, the transcript shall be treated only as actually designated.

**3.3 Inadvertent Failures to Designate**. An inadvertent failure to designate does not, standing alone, waive protection under this Order. Upon timely assertion or correction of a designation, all recipients must make reasonable efforts to ensure that the material is treated according to this Order.

## 4. CHALLENGING CONFIDENTIALITY DESIGNATIONS

All challenges to confidentiality designations shall proceed under L.R. 37-1 through L.R. 37-4.

## 5. ACCESS TO DESIGNATED MATERIAL

**5.1 Basic Principles**. Designated material may be disclosed only to the categories of persons and under the conditions described in this Order.

**5.2 Disclosure of CONFIDENTIAL Material Without Further Approval**. Unless otherwise ordered by the Court or permitted in writing by the designator, a Receiving Party may disclose any material designated CONFIDENTIAL only to:

**5.2.1** The Receiving Party's Outside Counsel of record in this Action and employees of Outside Counsel of record to whom disclosure is reasonably necessary;

**5.2.2** The officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

**5.2.3** Experts retained by the Receiving Party's Outside Counsel of record to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

**5.2.4** The Court and its personnel;

**5.2.5** Outside court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

**5.2.6** During their depositions, witnesses in the Action to whom disclosure is reasonably necessary and who have signed the Agreement to Be Bound (Exhibit A); and

**5.2.7** The author or recipient of a document containing the material, or a custodian or other person who otherwise possessed or knew the information.

**5.3 Disclosure of HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY and HIGHLY CONFIDENTIAL – SOURCE CODE Material Without Further Approval**. Unless permitted in writing by the designator, a Receiving Party may disclose material designated HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE without further approval only to:

**5.3.1** The Receiving Party's Outside Counsel of record in this Action and employees of Outside Counsel of record to whom it is reasonably necessary to disclose the information;

**5.3.2** The Court and its personnel;

**5.3.3** Outside court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A); and

**5.3.4** The author or recipient of a document containing the material, or a custodian or other person who otherwise possessed or knew the information.

**5.4 Procedures for Approving or Objecting to Disclosure of HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE Material to House Counsel or Experts**. Unless agreed to in writing by the designator:

**5.4.1** A party seeking to disclose to House Counsel any material designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY must first make a written request to the designator providing the full name of the House Counsel, the city and state of such counsel's residence, and such counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine present or potential involvement in any competitive decision-making. House Counsel are not authorized to receive material designated HIGHLY CONFIDENTIAL – SOURCE CODE.

**5.4.2** A party seeking to disclose to an expert retained by Outside Counsel of record any information or item that has been designated HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE must first make a written request to the designator that (1) identifies the general categories of HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a

copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise (including in connection with litigation) in the past five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation where the Expert has offered Expert testimony, including by declaration, report, or testimony at deposition or trial, in the past five years. If the Expert believes any of this information at (4) - (6) is subject to a confidentiality obligation to a third party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the party seeking to disclose the information to the Expert shall be available to meet and confer with the designator regarding any such confidentiality obligations.

**5.4.3** A party that makes a request and provides the information specified in paragraphs 4.4.1 or 4.4.2 may disclose the designated material to the identified House Counsel or Expert unless, within seven days of delivering the request, the party receives a written objection from the designator providing detailed grounds for the objection.

**5.4.4** All challenges to objections from the designator shall proceed under L.R. 37-1 through L.R. 37-4.

## 6. SOURCE CODE

**6.1 Designation of Source Code**. If production of source code is necessary, a party may designate it as HIGHLY CONFIDENTIAL – SOURCE CODE.

**6.2 Location and Supervision of Inspection**. Any HIGHLY CONFIDENTIAL – SOURCE CODE produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an

office of the Designating Party's Counsel or another mutually agreeable location. The source code shall be made available for inspection on a secured computer in a secured room, and the inspecting party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The designator may visually monitor the activities of the inspecting party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

**6.3 Paper Copies of Source Code Excerpts**. The inspecting party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, Expert reports, other papers, or for deposition or trial. The designator shall provide all such source code in paper form, including Bates numbers and the label "HIGHLY CONFIDENTIAL – SOURCE CODE."

**6.4 Access Record**. The inspecting party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form, and shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The inspecting party shall not convert any of the information contained in the paper copies into any electronic format other than for the preparation of a pleading, exhibit, Expert report, discovery document, deposition transcript, or other Court document. Any paper copies used during a deposition shall be retrieved at the end of each day and must not be left with a court reporter or any other unauthorized individual.

## 7. PROSECUTION BAR

Absent written consent from the designator, any individual who receives access to HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE information shall not be involved in the prosecution of patents or patent applications concerning the field of the invention of the patents-in-suit for the Receiving Party or its acquirer, successor, predecessor, or

other affiliate during the pendency of this Action and for one year after its conclusion, including any appeals. “Prosecution” means drafting, amending, advising on the content of, or otherwise affecting the scope or content of patent claims or specifications. These prohibitions shall not preclude Counsel from participating in reexamination or inter partes review proceedings to challenge or defend the validity of any patent, but Counsel may not participate in the drafting of amended claims in any such proceedings.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

**8.1 Subpoenas and Court Orders**. This Order in no way excuses non-compliance with a lawful subpoena or court order. The purpose of the duties described in this section is to alert the interested parties to the existence of this Order and to give the designator an opportunity to protect its confidentiality interests in the court where the subpoena or order issued.

**8.2 Notification Requirement**. If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE, that party must:

**8.2.1** Promptly notify the designator in writing. Such notification shall include a copy of the subpoena or court order;

**8.2.2** Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

**8.2.3** Cooperate with all reasonable procedures sought by the designator whose material may be affected.

**8.3 Wait For Resolution of Protective Order.** If the designator timely seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this Action as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE before a determination by the court where the subpoena or order issued, unless the party has obtained the designator's permission. The designator shall bear the burden and expense of seeking protection of its confidential material in that court.

**9. UNAUTHORIZED DICLOSURE OF DESIGNATED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed designated material to any person or in any circumstance not authorized under this Order, it must immediately (1) notify in writing the designator of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the designated material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) use reasonable efforts to have such person or persons execute the Agreement to Be Bound (Exhibit A).

**10. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a producing party gives notice that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review pursuant to Federal Rule of Evidence 502(d) and (e).

**11. FILING UNDER SEAL**

Without written permission from the designator or a Court order, a party may not file in the public record in this Action any designated material. A party seeking to file under seal any designated material must comply with L.R. 79-5.1. Filings

may be made under seal only pursuant to a court order authorizing the sealing of the specific material at issue. The fact that a document has been designated under this Order is insufficient to justify filing under seal. Instead, parties must explain the basis for confidentiality of each document sought to be filed under seal. Because a party other than the designator will often be seeking to file designated material, cooperation between the parties in preparing, and in reducing the number and extent of, requests for under seal filing is essential. If a **Receiving Party's** request to file designated material under seal pursuant to L.R. 79-5.1 is denied by the Court, then the Receiving Party **may file the material in the public record** unless (1) **the designator** seeks reconsideration within four days of the denial, or (2) as otherwise instructed by the Court.

## 12. FINAL DISPOSITION

Within 60 days after the final disposition of this Action, each party shall return all designated material to the designator or destroy such material, including all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any designated material. The Receiving Party must submit a written certification to the designator by the 60-day deadline that (1) identifies (by category, where appropriate) all the designated material that was returned or destroyed, and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the designated material. This provision shall not prevent Counsel from retaining an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, Expert reports, attorney work product, and consultant and Expert work product, even if such materials contain designated material. Any such archival copies remain subject to this Order.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED: July 26, 2018 **DLA PIPER LLP (US)**

By: /s/Tamany J. Vinson
Tamany J. Vinson Bentz
Attorneys for Plaintiff

DATED: July 26, 2018 **FOX ROTHSCHILD LLP**

By: /s/ Ashe P. Puri
James E. Doroshow
Ashe P. Puri
Attorneys for Defendant

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED: July 27, 2018

Karen E. Scott
HON. KAREN E. SCOTT
United States Magistrate Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, __________________________, of [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *CTC GLOBAL CORPORATION v. JASON HUANG, RULONG CHENG, JIANPING HUANG*, 8:17-cv-02202-AG-KES.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action.

I hereby appoint __________________________ of ____________________________ as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:________________________________________

City and State where sworn and signed: __________________________________

Print Name: ________________________

Signature: __________________________

## **Attestation of Concurrence in Filing**

I, Tamany J. Vinson Bentz, am the ECF user whose ID and password are being used to file the foregoing Stipulation. Pursuant to Local Rule 5-4.3.4(a)(2), I hereby attest that all signatories listed above, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

DATED: July 26, 2018

/s/Tamany J. Vinson Bentz

Tamany J. Vinson Bentz
Attorney for Plaintiff