| | |
|---|---|
| 1 | JOHN J. SHAEFFER (SBN 138331) |
|  | JShaeffer@FoxRothschild.com |
| 2 | JEFF GRANT (SBN 218974) |
|  | JGrant@FoxRothschild.com |
| 3 | CHARLIE NELSON KEEVER (SBN 322664) |
|  | CNelsonKeever@FoxRothschild.com |
| 4 | **FOX ROTHSCHILD LLP** |
|  | Constellation Place |
| 5 | 10250 Constellation Blvd, Suite 900 |
|  | Los Angeles, CA 90067 |
| 6 | Telephone:  (310) 598-4150 |
|  | Facsimile:   (310) 556-9828 |
| 7 | |
| 8 | Attorneys for Defendants JASON HUANG, an individual; RULONG CHEN, an individual; JIANPING HUANG a/k/a JAMES HUANG, an individual |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CTC GLOBAL CORPORATION, a Delaware corporation, | Case No. 8:17-CV-02202-AG (KESx) |
|  | Judge Andrew J. Guilford |
| Plaintiff, | **DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE TO EXCLUDE EVIDENCE OF CTC'S INVESTIGATION COSTS** |
| v. | |
| JASON HUANG, an individual; RULONG CHEN, an individual; JIANPING HUANG a/k/a JAMES HUANG, an individual; and DOES 1-15, inclusive, | **[DEFENDANTS' MIL NO. 1]** |
| Defendant. | |
| JASON HUANG, an individual, | Complaint Filed: December 18, 2017 |
| Counterclaimant, | Date:  July 29, 2019 |
|  | Time:  8:30 a.m. |
| v. | Place: Courtroom 10-D |
| CTC GLOBAL CORPORATION, a Delaware Corporation, | |
| Counterdefendant. | |

**DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF CTC'S INVESTIGATION COSTS [DEF. MIL NO. 1]**

93422347.v1

**TO ALL PARTIES AND THEIR COUNSEL OF RECORDS:**

PLEASE TAKE NOTICE THAT ON July 29 at 8:30 a.m., or as soon thereafter as counsel may be heard, in Courtroom 10-D of the United States District Court in the Central District of California, Defendants Jason Huang, Rulong Chen, and Jianping Huang *aka* James Huang ("Defendants") will and hereby do move *in limine* to exclude evidence of costs CTC incurred investigating alleged wrongdoing by Defendants.

The Motion is based upon this Notice, the Memorandum of Points and Authorities concurrently-filed herewith, upon the pleadings and papers filed in this action and upon such other matters as the Court may properly consider.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on July 8, 2019.

Dated: July 15, 2019

Respectfully Submitted,

FOX ROTHSCHILD LLP

By:/s/ John Shaeffer
John J. Shaeffer
Jeff Grant
Charlie Nelson Keever
Attorneys for Defendants JASON HUANG, an individual; RULONG CHEN, an individual; JIANPING HUANG a/k/a JAMES HUANG, an individual

1
**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF CTC'S INVESTIGATION COSTS [DEF. MIL NO. 1]**

## I. INTRODUCTION

Defendants seek to exclude argument and offers of evidence by CTC as to any costs CTC incurred investigating any alleged wrongdoing by Defendants. Such amounts are not recoverable as damages, and are therefore irrelevant and risk jury confusion.

Actual damage is a necessary element of CTC's misappropriation claims. However, CTC's witness designated to testify about damages testified that CTC has lost *no* business as a result of any misappropriation and has *not* sustained any recoverable damages. Declaration of Charlie Nelson Keever ("Nelson Keever Decl."), Ex. 1. CTC argues that it has incurred costs and expenses investigating its claims against Defendants and in prosecuting this action. However, neither of these categories of "damages" is recoverable as a matter of law. Accordingly, evidence of costs CTC incurred investigating alleged wrongdoing by Defendants is irrelevant and should be excluded.

## II. BACKGROUND

CTC manufactures and sells composite carbon cores that are used to distribute electricity as conductors. These conductors are sold under the brand name ACCC™. From August 2011 until his suspension on December 6, 2016, Jason Huang was CTC's Chief Technology Officer.

In early 2015, Jason Huang expressed concerns that CTC could not substantiate its claim that ACCC conductors could operate continuously at 180⁰C continuously and at 200⁰C for 10,000 during their expected 40-year useful life, as it represented to its customer ("Thermal Performance Representation"). Around that time, Jason Huang directed his technical staff to test the performance of ACCC conductors consistent with standards recently set by the ASTM,[1] which would

---

[1] ATSM is an international standards organization that develops and publishes technical standards.

include validating whether ACCC could meet CTC's Thermal Performance Representation. This testing commenced in June 2015 and required conductors to be exposed to elevated heat for 52 weeks to validate the Thermal Performance Representation. While CTC tested a variety of core sizes, beginning in July 2016, the resulted data indicated that *only one* core size passed. CTC would thereafter report that single success and fail to disclose other failures. In November 2016, however, another third-party testing entity evaluated the results of the only core size that passed and determined it had also failed. When Jason Huang challenged that CTC had to change its Thermal Performance advertising claims, CTC CEO, J.D. Sitton and its COO, Marv Sepe, concluded that Jason Huang had to go. CTC suspended Jason Huang a month later, in December 2016, and finally terminated his employment on February 6, 2017.

Following Jason Huang's termination, CTC hired private investigators to pursue (obviously pretextual) allegations of misconduct against Jason Huang and scoured the forensic data scraped from Jason Huang's surrendered laptop for any support. Apparently believing it finally uncovered sufficient circumstantial evidence, CTC filed suit on December 18, 2017.

Over the course of this lawsuit, however, CTC produced no evidence that it lost any business because of Jason Huang's alleged misappropriation or that it sustained any recoverable damages. On the contrary, the witness CTC designated to testify about damages testified that CTC *has lost no business* as a result of any misappropriation, and that CTC *has not sustained any recoverable damages*. Nelson Keever Decl., Ex. 1. CTC instead argues that is has incurred costs and expenses investigating its claims against Defendants. However, neither pre-litigation nor investigation costs are recoverable. Accordingly, CTC should be precluded from introducing evidence of any pre-litigation or investigation costs.

## III. LEGAL STANDARD

Expenses associated with investigating infringement are not recoverable as damages. *Express LLC v. Fetish Group, Inc.*, 464 F.Supp.2d 965, 978-99 (C.D. Cal. 2006) (finding investigation of copyright claims out of a concern of potential or anticipated litigation not recoverable); *Page v. Something Weird Video*, 960 F.Supp. 1438, 1447 (C.D. Cal. 1996) ("Notable examples of non-recoverable costs are… investigation expenses…"). Pre-litigation investigation costs are similarly not recoverable. *Joe Hand Promotions, Inc. v. Garl*, 2013 WL 4736826, *3 (E.D. Cal. 2013) ("Plaintiff's pre-filing investigation costs are not recoverable."); *see also, Cristobal v. Equifax, Inc.*, 2017 WL 1489274, *6 (N.D. Cal. 2017).

## IV. ARGUMENT

CTC is required to prove actual damage as a necessary element of its misappropriation claims. However, CTC's witness designated to testify about damages testified that CTC has lost no business as a result of any misappropriation and has not sustained any recoverable damages. Nelson Keever Decl., Ex. 1. In order to circumvent the lack of any actual damages, CTC argues that it has incurred costs and expenses investigating its claims against Defendants and other pre-litigation costs. However, neither of these categories of "damage" are recoverable as a matter of law. *See Express LLC v. Fetish Group, Inc.*, *supra*, 464 F.Supp.2d at 978-99; *Page v. Something Weird Video*, *supra*, 960 F.Supp. at 1447; *Joe Hand Promotions, Inc. v. Garl*, *supra*, 2013 WL 4736826 at *3. Accordingly, evidence of costs CTC incurred investigating alleged wrongdoing by Defendants is irrelevant and should be excluded. Further, even if there is some remote relevance to this action, that relevance would be substantially outweighed by the danger of unfair prejudice. F.R.E. 403.

//
//
//

## V. CONCLUSION

For all of the foregoing reasons, the Court should exclude evidence of any costs CTC incurred investigating alleged wrongdoing by Defendants because such amounts are not recoverable as damages.

Dated: July 15, 2019

Respectfully Submitted,

FOX ROTHSCHILD LLP

By: /s/ John Shaeffer
John J. Shaeffer
Jeff Grant
Charlie Nelson Keever
Attorneys for Defendants JASON HUANG, an individual; RULONG CHEN, an individual; JIANPING HUANG a/k/a JAMES HUANG, an individual

5

**DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF CTC'S INVESTIGATION COSTS [DEF. MIL NO. 1]**